IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | CIVIL ACTION |
| TRUSTEE FOR THE PHFA | : | |
| | : | |
| v. | : | |
| | : | |
| AISHA RHODES | : | NO. 17-1774 |

**FILED**

APR 2 8 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

27th

### ORDER

AND NOW, this   day of April, 2017, upon consideration of
defendant Aisha Rhodes' motion to proceed *in forma pauperis* and
her notice of removal, it is ORDERED that:

1.    The defendant is GRANTED leave to proceed *in forma
pauperis* pursuant to 28 U.S.C. § 1915.

2.    The Clerk of Court shall file the notice of removal.

3.    This case is REMANDED to the Philadelphia Court of
Common Pleas, pursuant to 28 U.S.C. § 1447(c), because this Court
lacks subject matter jurisdiction.[1]

---

[1]   The defendant filed a notice to remove a mortgage
foreclosure action that U.S. Bank National Association Trustee
for the PHFA filed against her in the Philadelphia Court of
Common Pleas.  A defendant "may remove to the appropriate federal
district court 'any civil action brought in a State court of
which the district courts of the United States have original
jurisdiction.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522
U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  The
defendant alleges violations of the federal Fair Debt Collection
Practices Act and the Truth in Lending Act in connection with the
foreclosure action, and claims that removal is therefore
appropriate because the Court has federal question jurisdiction
under 28 U.S.C. § 1331.  However, "[i]n order for a case to be
removable under § 1441 and § 1331, the well-pleaded complaint
rule requires the federal question be presented on the face of
the plaintiff's properly pleaded complaint."  *Krashna v. Oliver
Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations
omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200,
207 (2004).  In contrast, a defendant's intention to raise
federal defenses to the claims against him does not establish a
basis for removal.  *See Bracken v. Matgouranis*, 296 F.3d 160,

4.    The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

_____

163-64 (3d Cir. 2002).  Here, the complaint filed by U.S. Bank
National Association Trustee for the PHFA does not reveal any
federal questions on its face.  Accordingly, the defendant's
assertion of violations of federal law as a defense to that
complaint does not establish a basis for removal.  *See Green Tree
Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015).
As the notice of removal does not reveal any other basis for this
Court's jurisdiction, the Court will remand this case to the
Philadelphia Court of Common Pleas.